IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HUMBERTO SERRANO MORENO**,

**Plaintiff,**

**v.**

**TRI-NATIONAL, INC., and
LOUIS E. CUMMINS,**

**Defendants.**                                                     No. 10-199-DRH

### ORDER

**HERNDON, Chief Judge:**

This matter is before the Court for case management purposes, specifically, to raise the issue, *sua sponte*, of whether this Court has subject matter jurisdiction over this case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 74 U.S. 506, 514, 7 Wall. 506, 19 L.Ed. 264 (1868);** ***Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 1012 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986);** *see **Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993).** Moreover,

the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997)**.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entm't Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Factual allegations of citizenship must be made in the pleadings, demonstrating complete diversity. ***See Chi. Stadium Corp. v. Ind.,* 220 F.2d 797, 798-99 (7th Cir. 1955)**.

Here, Plaintiff's Complaint (Doc. 2) alleges that Defendant Tri-National, Inc, is incorporated in the State of Delaware with its principle place of business in the State of Missouri, that Defendant Louis E. Cummins is a citizen of the State of Missouri, and that Plaintiff is a citizen of the State of Indiana. (Doc. 2 ¶¶ 1-3). Thus, Plaintiff has properly plead complete diversity as none of the parties on either side of the litigation are citizens of the state of which a party of the other side is a citizen (*i.e.*, Plaintiff is a citizen of Indiana, Defendant Cummins a citizen of Missouri, and Defendant Tri-National, Inc. a citizen of Delaware and Missouri). Thus, the first requirement under **28 U.S.C. § 1332** is satisfied.

Whether the amount in controversy requirement under **28 U.S.C. §**

**1332** is met, however, is not so clear. In making this determination, a different test is applied depending on whether the claim is originally brought in federal court or is removed to federal court from state court. ***Smith v. Am. General Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003).** If the case originates in federal court, courts have adopted the "legal certainty" test based on the language in the Supreme Court's decision in ***St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)**. *Id.* "Under the legal certainty test, courts will find jurisdiction on the basis of the plaintiff's complaint unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* **(quoting *St. Paul Mercury Indemnity Co.*, 303 U.S. at 289).** If the case is removed from state court to federal court by a defendant, however, a different rule applies. *Id.* "In removed cases, the amount alleged in the plaintiff's complaint, if sufficient to meet the jurisdictional requirements of **§ 1332**, is presumed correct on the assumption that a plaintiff would not fabricate the amount in controversy to meet the federal diversity jurisdiction requirements and then file her suit in state court relying on the defendant to remove the case to federal court." *Id.* **(citing *St. Paul Mercury*, 303 U.S. at 290-91).** "In keeping with this presumption, our court has adopted a rule that the removing party must establish any disputed aspect of diversity jurisdiction by offering 'evidence which provides to a reasonable probability that jurisdiction exists.'" *Id.* **(citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)).**

Here, Plaintiff's Complaint is an original action filed in federal court; thus, we apply the "legal certainty" test. In other words, we will find jurisdiction unless it is legally certain that Plaintiff's claim is for less than $75,000. **See *id.*; *Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (1997).** In making such determination, we will generally accept the plaintiff's good faith allegation of the amount in controversy. **See *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F. 3d 839, 844 (7th Cir. 2009).** The problem here, however, is that Plaintiff's Complaint provides no good faith allegation of the amount in controversy and raises nothing more than a mere guessing game as to whether the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff's Complaint alleges generally that "Plaintiff has been injured and damaged, incurred reasonable medical expenses, endured pain and suffering and mental anguish and lost income and earning capacity." (Doc. 2 ¶ 9). Plaintiff does not mention the amount in controversy requirement at all in his Complaint, and this Court has nothing on which to base its determination as to the value of Plaintiff's claim.

Plaintiff's prayer for relief sheds no further light on this matter, requesting a judgment "in an amount which will fully and fairly compensate him for his injuries and damages, for his costs and for all other proper relief." These general allegations are simply not enough for this Court to make a determination as to the value of Plaintiff's claim. In fact, the only mention at all of any value of Plaintiff's

claim is his demand in the Civil Cover Sheet for $565,000.00. Still, there is absolutely no explanation as to where this figure came from and this Court refuses to find jurisdiction without something more. Accordingly, until Plaintiff properly pleads the amount in controversy, the Court must approach this case as if jurisdiction does not exist. Without those allegations, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." *Firestone Tire & Rubber Co. v. Risjord*, **449 U.S. 368, 379 (1981)**.

Just so there is no confusion, the Court is not concluding that subject matter jurisdiction does not exist. To the contrary, under the allegations in Plaintiff's Complaint, the Court simply does not yet know. Accordingly, the Court **ALLOWS** Plaintiff up to and including February 7, 2011 to file a Brief establishing why at the time the case was filed he had met the amount in controversy requirement. If Plaintiff fails to timely correct this jurisdictional deficiency, the Clerk is instructed to dismiss the case.

**IT IS SO ORDERED.**

Signed this 28th day of January, 2011.

David R. Herndon
2011.01.28 08:40:05
-06'00'

**Chief Judge
United States District Court**