IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HUMBERTO SERRANO MORENO**,

**Plaintiff,**

**v.**

**TRI-NATIONAL, INC., and
LOUIS E. CUMMINS,**

**Defendants.** No. 10-199-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant Louis E. Cummin's motion to dismiss (Doc.13). The gist of Defendant's argument is that "[m]ore than three-hundred (300) days ha[ve] passed since the filing of plaintiff's complaint, and Defendant Louis E. Cummings [sic] still has yet to receive service . . . ." The plaintiff's response (Doc. 20), however, disputes this, contending that "[p]ersonal service was effected on Defendant Louis E. Cummins one day after the Court's deadline on January 11, 2011." Someone has to be wrong. For the reasons that follow, the motion to dismiss (Doc. 13) is denied.

On December 9, 2010, the Court entered a notice of impending dismissal (Doc. 8) for failure of service against Defendant Tri-National, Inc., and Louis E. Cummins, the two defendants in this case. In the notice, the Court informed the Plaintiff that the case would be dismissed for want of prosecution

unless action is implemented by January 10, 2011, to effect service on said defendants. Accordingly, on January 10, 2011, the Plaintiff filed proof of service (Doc. 10) with the Court attaching the summons and server's affidavit indicating that Defendant Tri-National, Inc. (actually CT Corporation System – Tri-National, Inc.'s registered agent) had received service on January 7, 2011. No proof of service, however, was filed with regard to Defendant Cummins.

As a result, Defendant Cummins filed a motion to dismiss (Doc. 13) on January 26, 2011. On February 25, 2011, the Plaintiff filed its response in opposition to the motion to dismiss (Doc. 20) where he acknowledged that the service was a day late pursuant to the Court's order of December 9, 2010, but asked the Court to recognize the service for "good cause." Attached to the response was the summons and server's affidavit (Doc. 20-14) showing that Defendant Cummins received service on January 11, 2011. Defendant Cummins filed no reply.

Defendant Cummins has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and Rule 41(b) for failure to comply with a court order. Specifically, Cummins complains that he has not had service of process. Rule 4(m), provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

If the plaintiff can show "good cause" for failing to accomplish service within the designated period of time, then the district court must grant an extension. *U.S. v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). On the other hand, if the plaintiff cannot show "good cause," then the decision to grant an extension is left to the district court. *Id.* Typically, to constitute "good cause," the plaintiff should be able to show "a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002) (citations omitted). When considering whether to allow an extension without "good cause," however, the Court may consider a number of factors, including whether the plaintiff's suit will thereafter be barred by the applicable statute of limitations, prejudice to the defendant if the suit is not dismissed, the defendant's actual notice of the lawsuit, and whether service was eventually effected, even if untimely. *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998).

Here, the Court need not address Plaintiff's arguments regarding whether "good cause" has been shown (although it would likely find as such), choosing instead to exercise its discretion and recognize Plaintiff's service on Defendant Cummins. See *Id.* at 383 ("[Abuse of discretion] is a hard standard to overcome, especially where the court is simply exercising its judgment about whether to relieve a party from an unexcused (i.e. no good cause) failure to comply

with the rules."). In fact, Defendant Cummins motion to dismiss filed (January 26, 2011) after the date the process server's affidavit indicates Cummins was personally served (January 11, 2011) constitutes a waiver as to the manner in which he was served. *Ligas*, 549 F.3d at 501("[I]f a defendant does not object to the manner in which he was served in his answer or his first motion to the court (whichever occurs first), he waives the objection.") (citing FED. R. CIV. P. 12(h)(1)). Why Defendant Cummins alleged in his motion to dismiss that he has not been served when it is shown from the server's affidavit that he has in fact been served is unknown to the Court. The Court further ponders why Plaintiff did not file proof of service on Defendant Cummins until filing his response to Defendant Cummins' motion to dismiss. In any event, Defendant Cummins has been served (albeit a day late), and looking to the factors noted above, the Court finds Plaintiff's delay excusable and denies Defendant Cummins' motion to dismiss (Doc. 13).

**IT IS SO ORDERED.**

Signed this 17th day of March, 2011.

David R. Herndon
2011.03.17 05:53:25
-05'00'

**Chief Judge**
**United States District Court**